IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LISA HALL, )
 )
      Plaintiff, )
 )
  -vs- )   Civil Action No. 16-32
 )
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
 )
      Defendant. )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Lisa Hall ("Hall") appeals an ALJ's denial of her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. Hall filed her application on October 14, 2009, asserting a disability date of March 28, 2009. This application followed a previously filed unsuccessful application. She had filed in November of 2006 and was found "not disabled" by decision dated March 27, 2009. (R. 645-54) She did not appeal from that decision. Rather, she amended her alleged disability onset date to the day after the time period adjudicated by the ALJ in this prior filing. With respect to the current filing, the ALJ denied Hall's claim by written decision dated August 9, 2011. (R. 568-584) The ALJ concluded that Hall retained the residual functional capacity ("RFC") to perform "light" work as defined in 20 C.F.R. § 404.1567(b) with certain restrictions. After consulting with a vocational expert ("VE"), the ALJ concluded that Hall remained capable of performing certain unskilled, light-exertion occupations. (R. 583-84) Hall appealed. Pending are Cross Motions for Summary

1

Judgment. *See ECF Docket Nos.* [10] and [14]. After careful consideration and for the reasons set forth below, this case is affirmed.

## Legal Analysis

1. <u>Standard of Review</u>

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler*, 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir.

1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

2. <u>The ALJ's Assessment of Medical Evidence under 20 C.F.R. § 404.1527(c)</u>

Hall takes issue with the ALJ's assessment of the opinions rendered by Dr. Jabbour, a consultative examiner, and Dr. Mukherjee, a psychiatrist who treated Hall on two occasions before tendering a mental residual functional capacity assessment. According to Hall, the ALJ failed to properly apply the factors set forth in 20 C.F.R. § 404.1527(c) relating to the weighing of medical evidence.

The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to that of a non-examining source. 20 C.F.R. § 416.927(c)(1). Additionally, the ALJ typically will give more weight to opinions from treating physicians, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from the reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* If a treating physician's opinion is not given controlling weight, the ALJ must consider all relevant factors that tend to support or contradict any medical opinions of record, including the

3

patient / physician relationship; the supportability of the opinion; the consistency of the opinion with the record as a whole; and the specialization of the provider at issue. 20 C.F.R. § 416.927(c)(1)-(6). "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." 20 C.F.R. § 416.927(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where … the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(c)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r. of Social Sec.*, 403 Fed. Appx. 679, 686 (3d Cir. 2010).

The ultimate issue of whether an individual is disabled within the meaning of the Act is for the Commissioner to decide. Thus, the ALJ is not required to afford special weight to a statement by a medical source that a claimant is "disabled" or "unable to work." *See* 20 C.F.R. § 416.927(d)(1), (3); *Dixon v. Comm'r. of Soc. Sec.*, 183 Fed. Appx. 248, 251-52 (3d Cir. 2006) (stating, "[o]pinions on disability are not medical opinions and are not given any special significance."). Although the ALJ may choose who to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r. of Soc. Sec.*, 577 F.3d 500, 505 (3d Cir. 2009). The ALJ must provide sufficient explanation of his or her final determination to provide a

4

reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). In other words, the ALJ must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r. of Soc. Sec.*, 529 F.3d 198, 203-4 (3d Cir. 2008). "It is not for this Court to reweigh the medical opinions in the record but rather to determine if there is substantial evidence to support the ALJ's weighing of those opinions." *Lilly v. Colvin*, Civ. No. 13-1561, 2016 WL 1166334 (D. Del. March 23, 2016), *citing, Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190 (3d Cir. 1986).

Significantly, I note that while § 404.1527(c) sets forth the framework for the ALJ's assessment of medical evidence and indeed instructs an ALJ to consider factors such as examining relationship, treatment relationship, supportability, consistency, and specialization, the regulation does not dictate how the ALJ should memorialize his or her decision. Indeed, my colleague has specifically rejected such an argument. *See Laverde v. Colvin*, Civ. No. 14-1242, 2015 WL 5559984 at *6, no. 3 (W.D. Pa. Sept. 21, 2015) (Diamond, D.J.) (rejecting the idea that § 404.1527(c) requires an ALJ to "explicitly list" and discuss "each of the six factors set forth" in the regulation, declining to impose such a requirement, and finding that the ALJ need only adequately explain her evaluation of the medical evidence in such a manner so as to allow the court "to conduct meaningful review" and satisfy the court that "she adhered to the standards of § 404.1527(c)…."). Against this backdrop, I find that the ALJ gave appropriate weight to the opinions rendered both by Dr. Jabbour and Dr. Mukherjee, and that substantial evidence supports his decision to do so.

5

As to Dr. Jabbour, the ALJ explained that he declined to give significant weight to Dr. Jabbour's opinion "as it is internally inconsistent with the objective findings…." (R. 576) The ALJ offered, as examples of the inconsistency, that Dr. Jabbour "opined that the claimant's ability to push and pull with her upper extremities was limited due to shoulder pain, even though he found no limitation of range of motion in the upper extremities and no weakness of the upper extremities." (R. 576) Similarly, the ALJ noted that Dr. Jabbour found no limitation of cervical spine movement. (R. 576) Additionally, the ALJ explained, "Dr. Jabbour opined that the claimant could sit for less than six hours in an eight hour workday and could stand and walk for less than one hour in an eight hour workday, but his examination of the claimant did not indicate any lower extremity abnormalities, and the claimant did not exhibit any discomfort with sitting or standing." (R. 576) "Consistency" and "supportability" are appropriate factors for an ALJ to consider in assessing the weight to give a medical opinion. § 404.1527(c) Consequently, I find no error in this regard.

With respect to Dr. Mukherjee, the ALJ expressly declined to accord him "treating physician" status given that his opinion was based upon only two treatment visits. (R. 580)[1] Hall has not presented any cogent argument as to why the ALJ's determination in

---

[1] Hall suggests that additional records may have been available from Dr. Mukherjee and that despite the fact that Hall's counsel advised the ALJ that he would re-contact Dr. Mukherjee's office and inquire about them, it was the ALJ's duty to ensure that those materials, if in fact they existed, became part of the record. *See ECF Docket. No.* [11], p. 12 n. 11. I disagree. Certainly the agency does have a duty to develop the record in a manner sufficient to make a determination of disability. *Ventura v. Shalala*, 55 F.3d 900 (3d Cir. 1995). Nevertheless, "[a]lthough the Act 'provides an applicant with assistance to prove his claim, the ALJ does not have a duty to search for all the relevant evidence available, because such a requirement would shift the burden of proof.'" *Lynn v. Commissioner of Soc. Sec.*, Civ. No. 12-1200, 2013 WL 3853460 at *15 (W.D. Pa. July 24, 2013) (citation omitted). In fact, the regulations place the burden upon Hall to demonstrate that she is disabled; which means that she has the duty to provide medical and other evidence showing that she has an impairment(s) and how severe it is. An ALJ's duty to develop the record, such as it is, may be heightened when a claimant is *pro se*. *Early v. Heckler*, 743 F.2d 1002 (3d Cir. 1984); *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003). In those cases, an ALJ must "assume a more active role." *Comiskey v. Astrue*, Civ. No. 9-252, 2010 WL 308979 at * 5 (E.D. Pa. Jan. 27, 2010). Such is not the case here as Hall was represented by an attorney. "When an applicant for social security benefits is represented by

this respect was incorrect. In this case, Dr. Mukherjee did not have the prolonged and continuous relationship with Hall upon which to base his opinion of April 13, 2011 that a typical treating doctor normally possesses. Consequently, I find no error in this regard. The ALJ similarly gave little weight to Dr. Mukherjee's opinion because it was unsupported by the medical evidence of record and by Hall's own testimony. (R. 580) For instance, the ALJ explained that the record did not establish that Hall had experienced "any social withdrawal, psychomotor agitation or retardation, emotional withdrawal or isolation and apprehensive expectation." (R. 580) Similarly, the ALJ found that "while Dr. Mukherjee stated that the claimant had difficulty concentrating or thinking, her neurologists have consistently reported that her concentration and attention were normal, and Dr. Mukherjee's mental status evaluation did not document any deficits of concentration." (R. 580) These are valid and acceptable reasons for discounting opinion evidence. See, 20 C.F.R. § 404.1527(c). Therefore, I find no error in this regard.

The ALJ's statements in this regard provide this Court with the ability to provide a meaningful review of the manner in which he applied the various factors set forth in §404.527(c) and I am convinced that they were applied appropriately. Substantial evidence supports his application of those factors.

3. The ALJ's RFC Analysis

Finally, Hall urges that the ALJ erred in failing to account for additional deficits caused by her headaches when formulating the RFC. Hall contends that she suffers between one to four headaches a week and that each can last up to two days. The

---

counsel, the ALJ 'is entitled to assume that he is making his strongest case for benefits.'" *Beers v. Colvin*, Civ. No. 12-2129, 2014 WL 241514 at * 6 (M.D. Pa. Jan. 22, 2014) (citations omitted).

headaches are associated with a number of side effects, including nausea, dizziness, light sensitivity and noise sensitivity. *See ECF Docket No.* [11], p. 14. Those side effects compromise her ability to maintain consistent attendance at a job, Hall insists and the ALJ failed to consider this aspect of her testimony.

A careful review of the record reveals that the ALJ did, in fact, consider Hall's testimony in this regard. The ALJ references the headaches, Hall's complaints regarding the frequency of the migraines, and the side effects associated with the migraines. (R. 574-577) He then specifically rejected her testimony regarding the headaches as lacking credibility:

> The undersigned finds that the claimant is only partially credible. While she has medically determinable impairments that could reasonably be expected to produce symptoms, her testimony and statements describing the duration, frequency, intensity and other information on the symptoms are not consistent with the objective evidence of record. The undersigned notes that the current medical evidence of record fails to establish any significant change in the claimant's conditions since the date of the last Administrative Law Judge decision. … The claimant's testimony of an increase in the frequency and intensity of her headaches since the last hearing is not well documented in the medical record. The claimant told Dr. Mazoweicki on December 21, 2009 that her headaches were better overall (Exhibit B – 10F/1). On March 17, 2010, the claimant told Dr. Jabbour that her headaches occurred about once a week, lasting four to six hours (Exhibit B-7F). On June 3, 2010, the claimant told Dr. Catalano that her headaches were better controlled (Exhibit B-15F). The claimant told Dr. Catalano on January 24, 2011 that her headaches were 45 percent improved (Exhibit B-15F), and Dr. Catalano reported on June 22, 2011 that the claimant had reported having headaches one to two times per week (Exhibit B-14F). These records certainly do not indicate any worsening of the claimant's headaches since March 27, 2009.

(R. 581) Thus, the ALJ very clearly and appropriately considered Hall's assertions regarding her headaches and found those assertions not credible. Therefore he was not required to make any accommodations for the same in the RFC. Consequently, I find no error in this regard.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LISA HALL, )
)
    Plaintiff, )
)
-vs- ) Civil Action No. 16-32
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 25th day of October, 2016, it is hereby ORDERED that the decision of the ALJ is affirmed and that Plaintiff's Motion for Summary Judgment (Docket No. 11) is denied and Defendant's Motion for Summary Judgment (Docket No. 13) is granted.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge